Kelly Shaw
Wyo. Bar No. 7-5624
Travis W. Koch
Wyo. Bar No. 7-5418
KOCH LAW, P.C.
121 W. Carlson St. Suite 3
(307) 426-5010
Cheyenne, WY 82009
kshaw@kochlawpc.com
tkoch@kochlawpc.com

-and-

George A. Barton (to be admitted PHV)
Seth K. Jones (to be admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Seth@bartonburrows.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF WYOMING

| | |
|---|---|
| Gregg B. Colton and<br>Cindy H. Colton, as Trustees of the<br>Gregg B. Colton Trust,<br>on behalf of themselves and a class of<br>similarly situated persons,<br><br>       Plaintiffs,<br><br>v.<br><br>Hilcorp Energy Development, LP,<br><br>       Defendant. | Civil Action No. _____ |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Gregg B. Colton and Cindy H. Colton, as Trustees of the Gregg B. Colton Trust ("Coltons" or "Plaintiffs"), on behalf of themselves and the Class defined below, for their Class Action Complaint against Defendant Hilcorp Energy Development, LP ("Defendant" or "Hilcorp"), allege:

## SUMMARY

1.      This class action concerns Hilcorp's past and continuing violations of Wyoming's Royalty Payment Act, Wyo. Stat. Ann. § 30-5-301 *et seq*., based upon Hilcorp's failure to pay statutory interest on untimely payments for proceeds derived from the sale of oil and gas production to those legally entitled to such proceeds, as required pursuant to Wyo. Stat. Ann. § 30-5-303.

2.      Wyo. Stat. Ann. § 30-5-301 requires oil and gas operators to pay all persons entitled to such payments within six months after the first day of the month following the date of the first sale from any well which produces oil, gas, or related hydrocarbons within the State of Wyoming. After this six-month grace period, oil and gas operators are required to pay royalties, or other interest payments, to all persons entitled to such payments within 60 days after the end of the calendar month in which subsequent production is sold from wells in the State of Wyoming. Wyo. Stat. Ann. § 30-5-301.

3.      If an operator fails to meet this statutory deadline in its payment of proceeds, the operator is required by law to pay the person or entity legally entitled to such proceeds statutory interest at a rate of eighteen percent per annum. Wyo. Stat. Ann. § 30-5-303.

4.      At various times since July 8, 2014, Hilcorp has failed to pay the Coltons and the members of the defined Class within the applicable statutory deadlines. When Hilcorp has made such late payments, Hilcorp has failed to pay the Coltons and the Class members the eighteen

percent per annum statutory interest on the late payments which are related to oil, gas, and related hydrocarbons produced by Hilcorp in the State of Wyoming, and sold to purchasers of oil, gas, and related hydrocarbons.

5.      The Coltons bring this class action to recover damages on behalf of themselves and a defined Class of all similarly situated owners who have received untimely payments from Hilcorp which have not included the statutory interest required pursuant to Wyo. Stat. Ann. § 30-5-303.

## PARTIES

6.      The Coltons are both citizens and residents of the State of Utah, who reside at 65 South Pfeifferhorn Drive, Alpine, Utah 84004. The Coltons are legally entitled to a portion of the proceeds derived from the production of oil, gas, and related hydrocarbons from numerous wells owned and operated by Hilcorp in Wyoming and are legally entitled to the receipt of timely royalties from Hilcorp associated with the production of oil, gas, and other hydrocarbons from such wells. (Ex. 1, March 25, 2022 royalty statement from Hilcorp).

7.      Defendant Hilcorp is a foreign limited partnership that is registered to do business in the State of Wyoming. Hilcorp has one general partner, Hilcorp Energy Company, and other partners. Hilcorp Energy Company is a Texas corporation with its principal place of business in Houston, Texas.

8.      Hilcorp owns and operates approximately 1,700 oil and gas wells in the State of Wyoming.

## JURISDICTION AND VENUE

9.      The preceding allegations are fully incorporated by reference.

10.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because at least one member of the class is a citizen of a state different from the State of Texas where Defendant Hilcorp is deemed to be a citizen.

11.    This Court has personal jurisdiction over Hilcorp because a substantial portion of the acts and conduct of Hilcorp giving rise to the claims alleged in this class action occurred in this judicial district.

12.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and conduct of Hilcorp giving rise to claims alleged in this class action occurred in this judicial district.

## FACTUAL ALLEGATIONS

13.    The preceding allegations are fully incorporated by reference.

14.    The Wyoming Royalty Payment Act ("WRPA") imposes strict timeframes for the payment of oil and gas proceeds and provides in pertinent part:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold** . . .

Wyo. Stat. Ann. § 30-5-301(a) (emphasis added).

15.    When an operator fails to meet these timeframes, the WRPA provides in pertinent part:

> **Any lessee or operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is**

4

> **liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

Wyo. Stat. Ann. § 30-5-303(a) (emphasis added).

16.     Hilcorp has consistently violated its statutory obligations under the above-referenced statutory provisions by making late payments to persons owning royalty or other interests located in Wyoming – i.e., payments made more than six months after the first day of the month following the date of Hilcorp's first sale, or thereafter more than sixty days after the end of the calendar month within which subsequent production is sold by Hilcorp from wells located in Wyoming in which the owners have an interest (hereafter, "late payments") – without paying the statutorily required eighteen percent per annum interest on such late payments to owners who receive late payments from Hilcorp on oil, gas, or related hydrocarbons produced and sold by Hilcorp from wells located in the State of Wyoming.

17.     The Coltons are legally entitled to the proceeds derived from the sale of the oil, gas, or related hydrocarbons produced from numerous Wyoming oil and gas wells that are operated by Hilcorp and have received royalty or other payments from Hilcorp on the oil, gas, and related hydrocarbons produced and sold from such wells at various times between March 25, 2022 and the present.

18.     Hilcorp has breached its statutory late payment interest obligations to the Coltons because Hilcorp, on late payments which Hilcorp has made to the Coltons, has failed to pay the Coltons the statutorily required eighteen percent per annum interest on all such late payments, including payments that have been made on oil, gas, or related hydrocarbon sale proceeds received by Hilcorp which are not "first sales," and which have been made more than 60 days after the end

of the calendar month within which such production is sold by Hilcorp from wells in which the Coltons own an interest.

19.    For example, for natural gas which Hilcorp produced and sold from the Copper Reservoir UN015 Well, located in Wyoming, in December 2020, in which the Coltons own an interest, and on which Hilcorp has received payment from the purchaser of such production, and which was not a "first sale," the Coltons received a late payment from Hilcorp on such production, because the Coltons did not receive payment on their share of the sales proceeds of such production until March 25, 2022. When Hilcorp made its late payment to the Coltons for their share of such production and sale proceeds in March 2022, Hilcorp did not pay the Coltons the statutorily required eighteen percent per annum interest set forth in Wyo. Stat. Ann. § 30-5-303. Nor has Hilcorp made any such interest payment to the Coltons at any time since March 2022. (Ex. 1).

## CLASS ACTION ALLEGATIONS

20.    The preceding allegations are fully incorporated by reference.

21.    The Coltons brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following class (the "Class"):

> All non-excluded persons or entities who are legally entitled to proceeds derived from the sale of production from any wells producing oil, gas, or related hydrocarbons in Wyoming who: (1) have received late payments from Hilcorp at any time since July 8, 2014, on oil, gas, and related hydrocarbons produced and sold by Hilcorp from Wyoming wells; and (2) have not received interest from Hilcorp at the statutory rate of eighteen percent per annum on such late payments.
>
> Excluded from the Class are: (1) Hilcorp, its affiliates, predecessors, employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America.

22.     Upon information and belief, there are more than 1,700 members of the defined

Class, and joinder of such persons in this class action is therefore impracticable.

23.     The questions of fact and law common to the Class include:

    a.    Whether Hilcorp has made late payments to the members of the Class on Hilcorp's production and sale of oil, gas, and related hydrocarbons from Wyoming wells in which the Class members own an interest, at any time since July 8, 2014;

    b.    Whether, and to what extent, Hilcorp has failed to pay the Class members the statutorily required eighteen percent per annum interest on late payments which Hilcorp has made to such Class members; and

    c.    Whether Hilcorp's failure to pay eighteen percent interest to the Coltons and the Class on any late payments constitutes a violation of Wyo. Stat. Ann. § 30-5-303.

24.     The Coltons' claims are typical of the Class because each Class members' claims

against Hilcorp are identical.

25.     The Coltons will fairly and adequately protect the interests of the Class. The

Coltons are represented by counsel who are skilled and experienced in natural gas royalty

underpayment class action litigation.

26.     The factual allegations and questions of law in this class action are common to the

members of the Class and predominate over any questions affecting only individual members.

27.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.

**FIRST CLAIM FOR RELIEF**
**(Hilcorp's Violation of §§ 301 - 303 of the WRPA)**

28.     The preceding allegations are fully incorporated by reference.

29.     Since July 8, 2014, Hilcorp has made late payments to the Coltons and the other

members of the Class by making payments to the Class members which were either: (a) later than

six months after the first day of the month following the date of  Hilcorp's first sale of oil, gas, or

7

related hydrocarbons from a well in which a Class member owns an interest; and/or (b) for all oil, gas, or related hydrocarbons sales which were not Hilcorp's first sales of oil, gas, or related hydrocarbons from a well in which a Class member is legally entitled to their proportionate share of the proceeds, later than sixty days after the end of the calendar month within which payment was received by Hilcorp on its sale of oil, gas, or related hydrocarbons produced by Hilcorp from Wyoming wells in which one or more Class members own a royalty, overriding royalty, or working interest; and (c) with respect to such late payments made by Hilcorp to the members of the defined Class, Hilcorp has not paid the Class members eighteen percent per annum interest, as statutorily required under Wyo. Stat. Ann. § 30-5-303.

30.     As a direct result of Hilcorp's failure to pay the Coltons and the Class members eighteen percent per annum interest on the above-referenced late payments, the Coltons and the Class have sustained substantial damages.

31.     Based upon Hilcorp's failure to pay the Coltons and the Class members eighteen percent per annum interest on late payments, as required under Wyo. Stat. Ann. § 30-5-303(a), the Coltons and the Class are entitled to an award of attorney's fees from Hilcorp, pursuant to Wyo. Stat. Ann. § 30-5-303(b).

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment)**

32.     The preceding allegations are fully incorporated by reference.

33.     A controversy exists between the Coltons and the other members of the Class and Hilcorp regarding Hilcorp's obligation to pay the statutory interest on late payments pursuant to Wyo. Stat. Ann. § 30-5-303 on future late payments made by Hilcorp after the date of final judgment in this case ("future late payments").

34.     The Coltons request that the Court enter a declaratory judgment declaring that on all future late payments to the Coltons and the Class members, Hilcorp is required to pay the statutorily required eighteen percent per annum interest.

## PRAYER FOR RELIEF

Wherefore, the Coltons pray for the following relief:

1.     An Order finding that the claims asserted by the Coltons on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that the Coltons be appointed as the Class Representatives for the defined Class, and that the Coltons' attorneys be appointed as Class Counsel for the defined Class;

2.     A judgment in favor of the defined Class against Hilcorp for the full amount of unpaid eighteen percent per annum interest on late payments made by Hilcorp to the Class members since July 8, 2014;

3.     An award of attorney's fees to counsel for the Coltons and the other members of the defined Class pursuant to Wyo. Stat. Ann. § 30-5-303(b);

4.     A declaratory judgment declaring that Hilcorp is required by law to pay interest on all future late payments to the Coltons and the defined Class; and

5.     Such costs and other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

The Coltons demand a jury trial on all issues so triable.

By: */s/ Kelly Shaw_____*
Kelly Shaw, Wyo. Bar No. 7-5624
Travis W. Koch, Wyo. Bar No. 7-5418
KOCH LAW. P.C.

9

121 W. Carlson St. Suite 3
Cheyenne, WY 82009
(307) 426-5010
kshaw@kochlawpc.com
tkoch@kochlawpc.com

George A. Barton (to be admitted PHV)
Seth K. Jones (to be admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Seth@bartonburrows.com

*Attorneys for Plaintiffs Gregg B. Colton and Cindy
H. Colton, as Trustees of the Gregg B. Colton Trust,
on behalf of themselves and the class of
similarly situated persons*

10