Kelly Shaw, Wy. Bar No. 7-5624
KOCH LAW. P.C.
121 W. Carlson St. Suite 3
Cheyenne, WY 82009
kshaw@kochlawpc.com

-and-

George A. Barton (admitted PHV)
Seth K. Jones (admitted PHV)
Stacy Burrows (admitted PHV)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Ste. 110
Mission, KS 66205
(913) 563-6250
George@bartonburrows.com
Seth@bartonburrows.com
stacy@georgebartonlaw.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING**

| | |
|---|---|
| Gregg B. Colton and<br>Cindy H. Colton, as Trustees of the<br>Gregg B. Colton Trust,<br>on behalf of themselves and a class of<br>similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>Hilcorp Energy Development, LP<br><br>    Defendant. | Civil Action No. 22-CV-00149-ABJ |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Gregg B. Colton and Cindy H. Colton, as Trustees of the Gregg B. Colton Trust ("Coltons" or "Plaintiffs"), on behalf of themselves and the Subclasses defined below, for their First Amended Class Action Complaint against Defendant Hilcorp Energy Development, LP ("Defendant" or "Hilcorp"), allege:

## SUMMARY

1. This class action concerns: (1) Hilcorp's past and continuing violations of the Wyoming Royalty Payment Act, Wyo. Stat. Ann. § 30-5-301 *et seq*. ("WRPA"), based upon Hilcorp's failure to pay eighteen percent per annum statutory interest on late payments for proceeds received on the sale of oil and gas production to those legally entitled to such proceeds, as required pursuant to Wyo. Stat. Ann. §§ 30-5-301(a) and 30-5-303(a) ("Subclass I"); and (2) Hilcorp's past and continuing unlawful deduction of various costs from the sales price of natural gas products in Hilcorp's calculation of royalties paid to overriding royalty owners and lessors, in direct contradiction to the applicable provisions of the WRPA, Wyo. Stat. Ann. §§ 30-5-304(a)(v-vii) and 30-5-305(a), and in breach of the applicable leases and overriding royalty agreements at issue ("Subclass II").

## PARTIES

2. The Coltons are both citizens and residents of the State of Utah, who reside in Alpine, Utah 84004.

3. Defendant Hilcorp is a limited partnership which is organized under the laws of the State of Delaware, and which has its principal place of business in the State of Texas. For purposes of the applicable provision of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10), Hilcorp is therefore deemed to be a citizen of the States of Texas and Delaware.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d)(2) because this is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and because at least one member of each Subclass is a citizen of a state different from the States of Texas and Delaware, where Defendant Hilcorp is deemed to be a citizen under the applicable provision of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10).

5. This Court has personal jurisdiction over Hilcorp because a substantial portion of the acts and conduct of Hilcorp giving rise to the claims alleged in this First Amended Class Action Complaint occurred in the State of Wyoming.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and conduct of Hilcorp giving rise to the claims alleged in this First Amended Class Action Complaint occurred in this judicial district.

## SUBCLASS I FACTUAL AND CLASS ALLEGATIONS

7. The Wyoming Royalty Payment Act ("WRPA") imposes strict timeframes for the payment of oil and gas proceeds, and provides, in pertinent part:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold** . . .

Wyo. Stat. Ann. § 30-5-301(a) (emphasis added).

8. When an operator fails to meet these timeframes, and therefore makes "late payments," the WRPA provides, in pertinent part:

> **Any lessee or operator**, purchaser or other party **legally responsible**

3

> **for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds, plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

Wyo. Stat. Ann. § 30-5-303(a) (emphasis added).

9. Hilcorp has consistently violated its obligations under the above-referenced statutory provisions by making late payments to persons owning royalty and other mineral interests located in the State of Wyoming, without paying the statutorily required eighteen percent per annum interest on such late payments.

10. The Coltons are legally entitled to a share of the proceeds derived from the sale of the oil, gas, or related hydrocarbons produced from numerous Wyoming oil and gas wells that are operated by Hilcorp, and have received overriding royalty payments from Hilcorp on the oil, gas, and related hydrocarbons produced and sold from such wells at various times between March 25, 2022 and the present.

11. Hilcorp has breached its statutory late payment interest obligations to the Coltons because Hilcorp, on late payments which Hilcorp has made to the Coltons, has failed to pay the Coltons the statutorily required eighteen percent per annum interest on all such late payments, including but not limited to payments that have been made on oil, gas, or related hydrocarbon sale proceeds received by Hilcorp which are not "first sales," and which have been made more than 60 days after the calendar month within which such production is sold by Hilcorp from wells in which the Coltons own an interest.

12. For example, for natural gas which Hilcorp produced and sold in December 2020 from the Copper Reservoir UN015 Well located in Wyoming, in which the Coltons own an overriding royalty interest, and on which Hilcorp has received payment from the purchaser of such

production, and which was not a "first sale," the Coltons received a late payment from Hilcorp on such production, because the Coltons did not receive payment on their share of the sales proceeds of such production until March 25, 2022. When Hilcorp made its late payment to the Coltons for their share of such production and sale proceeds on March 25, 2022, Hilcorp did not pay the Coltons the statutorily required eighteen percent per annum interest set forth in Wyo. Stat. Ann. § 30-5-303(a). Nor has Hilcorp made any such eighteen percent per annum interest payment to the Coltons at any time since March 25, 2022.

13. The Coltons brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following subclass ("Subclass I"):

> All non-excluded persons or entities who are legally entitled to a share of the proceeds derived from the sale of production by Hilcorp from any well producing oil, gas, or related hydrocarbons in the State of Wyoming who: (1) have received one or more late payments from Hilcorp at any time since July 8, 2014, on oil, gas, and related hydrocarbons produced and sold by Hilcorp from a Wyoming well; and (2) on any such late payments Hilcorp has not paid such persons or entities interest at the statutory rate of eighteen percent per annum.
>
> Excluded from the Class are: (1) Hilcorp, its affiliates, predecessors, employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America.

14. Upon information and belief, there are more than 1,700 members of Subclass I, and joinder of such persons in this class action is therefore impracticable.

15. There are questions of fact and law common to the claims of the members of Subclass I, which include:

    a. Whether Hilcorp has made late payments to the members of Subclass I on Hilcorp's production and sale of oil, gas, and related hydrocarbons from Wyoming wells in which the Subclass I members own an interest, at any time since July 8, 2014;

    b. Whether, and to what extent, Hilcorp has failed to pay the Subclass I members the statutorily required eighteen percent per annum interest on late payments which Hilcorp has made to the Subclass I members; and

5

      c.    Whether Hilcorp's failure to pay eighteen percent per annum interest to the Coltons and the other members of Subclass I on any such late payments constitutes a violation of Wyo. Stat. Ann. § 30-5-303(a), for which the Coltons and the other members of Subclass I are entitled to compensation.

16. The Coltons' claims against Hilcorp are typical of the other Subclass I members' claims against Hilcorp because each Subclass I member's late payment claim against Hilcorp is identical to the Coltons' late payment claim against Hilcorp.

17. The Coltons will fairly and adequately protect the interests of Subclass I. The Coltons are represented by attorneys who are skilled and experienced in natural gas royalty underpayment class action litigation, and the Coltons do not have a conflict of interest with any other Subclass I member regarding the late payment claims at issue.

18. The questions of fact and law which are common to the claims of the members of Subclass I against Hilcorp predominate over any individual questions of fact or law which may affect only some members of Subclass I.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**SUBCLASS I**
**FIRST CLAIM FOR RELIEF**
**(Hilcorp's Violation of §§ 301(a) and 303(a) of the WRPA)**

20. The preceding allegations of this First Amended Class Action Complaint are fully incorporated by reference.

21. Since July 8, 2014, Hilcorp has made late payments to the Coltons and the other members of Subclass I, by making payments to the Coltons and the other Subclass I members which were either: (a) later than six months after the first day of the month following the date of Hilcorp's first sale of oil, gas, or related hydrocarbons from a Wyoming well in which a Subclass I member owns an interest; and/or (b) for all oil, gas, or related hydrocarbons sales which were not Hilcorp's

6

first sales of oil, gas, or related hydrocarbons from a Wyoming well in which a Subclass I member owns an interest, later than sixty days after the end of the calendar month within which payment was received by Hilcorp on its sale of oil, gas, or related hydrocarbons produced by Hilcorp from a Wyoming well in which a Subclass I member owns an interest; and (c) with respect to any such late payments made by Hilcorp to the members of Subclass I, Hilcorp has not paid the Subclass I members eighteen percent per annum interest, as statutorily required under Wyo. Stat. Ann. § 30-5-303(a).

22. As a direct result of Hilcorp's failure to pay the Coltons and the other Subclass I members eighteen percent per annum interest on the above-referenced late payments, the Coltons and the other members of Subclass I have sustained substantial damages.

23. Based upon Hilcorp's failure to pay the Coltons and the Subclass I members eighteen percent per annum interest on late payments, as required under Wyo. Stat. Ann. § 30-5-303(a), the Coltons and the other members of Subclass I are entitled to an award of attorney's fees from Hilcorp, pursuant to Wyo. Stat. Ann. § 30-5-303(b).

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment)**

24. The preceding allegations of this First Amended Class Action Complaint are fully incorporated by reference.

25. A controversy exists between the Coltons and the other members of Subclass I and Hilcorp regarding Hilcorp's obligation to pay the statutory interest on late payments pursuant to Wyo. Stat. Ann. § 30-5-303(a), on late payments made by Hilcorp after the date of final judgment in this case ("future late payments"), based upon the clear likelihood that Hilcorp will continue its practice of not paying the members of Subclass I eighteen percent per annum interest on all late payments made by Hilcorp after the date of final judgment in this case.

7

26. The Coltons request that the Court enter a declaratory judgment determining that on all future late payments made by Hilcorp to the Coltons and the other members of Subclass I, Hilcorp is required to pay the statutorily required eighteen percent per annum interest, pursuant to Wyo. Stat. Ann. § 30-5-303(a).

## SUBCLASS II FACTUAL AND CLASS ALLEGATIONS

27. The preceding allegations of this First Amended Class Action Complaint are fully incorporated by reference.

28. On October 1, 1955, the United States Department of Interior Bureau of Land Management ("BLM") granted an Oil and Gas Lease to lessee John E. Armstrong (the "1955 Lease").

29. Effective January 1, 1956, the lessee under the 1955 Lease, John E. Armstrong, assigned 400 acres of the 1955 Lease to James D. Millholland ("Millholland"), and that partial assignment was given BLM Lease No. 036778-A, which is hereafter referred to as "the Millholland Sub-Lease."

30. On July 2, 1959, Millholland entered into an assignment agreement ("July 2, 1959 Agreement") with California Co. in which he assigned his lessee's interest in the Millholland Sub-Lease to California Co., and in which California Co. agreed to pay Millholland a 2 ½ percent overriding royalty on oil and gas produced from the described lands (approximately 400 acres) referenced in the Millholland Sub-Lease ("1959 ORRI").

31. The lessees under the Millholland Sub-Lease subsequently assigned the Millholland Sub-Lease several times, and the current lessee, as of February 1, 2021, is Hilcorp.

32. James D. Millholland held the 1959 ORRI until his death in 1965, after which his estate assigned the 1959 ORRI to his daughter, Sarah M. Duque.

8

33. Sarah M. Duque held the 1959 ORRI until her death in 2020, after which her estate assigned the 1959 ORRI to Royalties of America Marketing, LLC on March 24, 2021.

34. Effective August 1, 2021, Royalties of America Marketing, LLC assigned one-half of the 1959 ORRI to the Coltons.

35. The Coltons have continuously owned their fifty percent share of the 1959 ORRI at all times since August 1, 2021, and have received overriding royalty payments from Hilcorp because of their ownership interest in the 1959 ORRI at various times since March 25, 2022.

36. Paragraph 10 of the July 2, 1959 Agreement states, in pertinent part, that the 2 ½ percent overriding royalty shall be paid based upon "[a] sum representing 2 ½ % of the net proceeds received by Assignee [California Co.] from the sale of all gas produced from, or allocated to, said land and saved and marketed during the preceding month."

37. Neither Paragraph 10 of the July 2, 1959 Agreement, nor any other provision of the July 2, 1959 Agreement, defines the term "net proceeds." Moreover, there is no provision in the July 2, 1959 Agreement which contains "specific language … expressly permit[ting]" Assignee ("California Co.") to deduct gathering, compressing, pressurizing, heater treating, or dehydrating ("prohibited costs") in its calculation of royalties to be paid to the Assignor ("Millholland") under that Agreement. *See* Wyo. Stat. Ann. §§ 30-5-304(a)(vi) and 30-5-305(a).

38. Wyo. Stat. Ann. § 30-5-304(a)(v) defines "overriding royalty" to mean "a share of production, free of the costs of production, carved out of the lessee's interest under an oil and gas lease."

39. Wyo. Stat. Ann. § 30-5-304(a)(vi) defines "Costs of production," in pertinent part, to mean "all costs incurred for exploration, development, primary or enhanced recovery and abandonment operations including, but not limited to lease acquisition, drilling and completion, pumping or

9

lifting, recycling, gathering, compressing, pressurizing, heater treating, dehydrating, separating … or transporting … the gas into the market pipeline. 'Costs of production' does not include the reasonable and actual direct costs associated with transporting … the gas from the point of entry into the market pipeline or the processing of gas in a processing plant."

40. Wyo. Stat. Ann § 30-5-304(a)(vii) defines "Royalty" to mean "the mineral owner's share of production, free of the costs of production."

41. Wyo. Stat. Ann. § 30-5-305(a) provides, in pertinent part, that "[u]nless otherwise expressly provided for by specific language in an executed written agreement, 'royalty,' [and] 'overriding royalty' … shall be interpreted as defined in W.S. 30-5-304."

42. At various times since March 3, 2013, Hilcorp has underpaid the Coltons the amount of royalties owed to them, based upon Hilcorp's unlawful deduction of the costs of gathering, compressing, pressurizing, heater treating, and dehydrating referenced in Wyo. Stat. Ann. § 30-5-304(a)(vi) ("prohibited costs") in its calculation of royalties paid to the Coltons.

43. Hilcorp's deduction of the above-referenced prohibited costs in its calculation of royalties paid to the Coltons has been in breach of Hilcorp's royalty payment obligations to the Coltons under the July 2, 1959 Agreement, and in violation of Wyo. Stat. Ann. § 30-5-304(a)(v) and (vi), which is incorporated as a matter of law into the July 2, 1959 Agreement. Hilcorp has therefore underpaid the amount of overriding royalties owed to the Coltons under the July 2, 1959 Agreement.

44. Hilcorp is the lessee under numerous oil and gas leases with hundreds of lessors which, like the July 2, 1959 Agreement, do not contain any specific language expressly permitting Hilcorp to deduct the above-referenced prohibited costs in its calculation of royalties paid to the lessors under such oil and gas leases.

45. Hilcorp is a party to numerous overriding royalty agreements under which Hilcorp pays overriding royalties to persons who are owners of overriding royalty interests in oil and gas wells located in Wyoming. Such overriding royalty agreements, like the July 2, 1959 Agreement, do not contain any specific language expressly permitting Hilcorp to deduct the above-referenced prohibited costs in its calculation of overriding royalties paid to the persons owning the overriding royalty interests under such agreements.

46. The Coltons bring this class action pursuant to Ruly 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following subclass ("Subclass II"), defined as follows:

> All non-excluded persons or entities who: (1) are or have been a lessor under an oil and gas lease with Hilcorp covering any well located in the State of Wyoming, or are or have been an overriding royalty interest owner under an overriding royalty agreement with Hilcorp covering any well located in the State of Wyoming, which oil and gas lease or overriding royalty agreement does not contain specific language which expressly permits Hilcorp to deduct all of the costs of gathering, compressing, pressurizing, heater treating, or dehydrating in its calculation of royalties; and (2) at any time since March 3, 2013, has been paid royalties by Hilcorp in which Hilcorp has deducted any of the above-referenced costs in its calculation of such royalties.
>
> Excluded from the Class are: (1) Hilcorp, its affiliates, predecessors, employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America.

47. Upon information and belief, there are more than 1,500 members of Subclass II, and joinder of such persons in this class action is therefore impracticable.

48. There are questions of fact and law common to the claims of the members of Subclass II, which include:

    a.    Whether Hilcorp has deducted one or more of the above-referenced prohibited costs in its calculation of royalties paid to the members of Subclass II;

11

    b.    Whether Hilcorp has breached its royalty payment obligations to the members of Subclass II by deducting one or more of the above-referenced prohibited costs in its calculation of royalties paid to the members of Subclass II;

    c.    Whether Hilcorp's deduction of any of the above-referenced prohibited costs in its calculation of royalties paid to the members of Subclass II is prohibited under the express provisions of Wyo. Stat. Ann. § 30-5-304(a)(v), (a)(vi), and (a)(vii), which are incorporated into the oil and gas leases and overriding royalty agreements at issue.

49. The Coltons' breach of contract claims against Hilcorp are typical of the other Subclass II members' breach of contract claims against Hilcorp, because each Subclass II member's breach of contract claim against Hilcorp is identical to the Coltons' breach of contract claim against Hilcorp.

50. The Coltons will fairly and adequately protect the interests of the members of Subclass II. The Coltons are represented by attorneys who are skilled and experienced in natural gas royalty underpayment class action litigation, and the Coltons do not have a conflict of interest with any other member of Subclass II regarding the breach of contract claims at issue.

51. The questions of fact and law which are common to the claims of the members of Subclass II predominate over any questions of fact or law which may affect only individual members of Subclass II.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**SUBCLASS II**
**FIRST CLAIM FOR RELIEF**
**(Hilcorp's Breach Of Its Royalty Payment Obligations Under**
**The Applicable Leases And Overriding Royalty Agreements)**

53. The preceding allegations of this First Amended Class Action Complaint are fully incorporated by reference.

54. At various times since March 3, 2013, Hilcorp has breached its royalty payment obligations to the Coltons and the other members of Subclass II by deducting one or more of the following

costs in its calculation of royalties paid to the Coltons and the other members of Subclass II: gathering, compressing, pressurizing, heater treating, or dehydrating.

55. As a direct result of Hilcorp's breach of its royalty payment obligations, as described above, the Coltons and the other members of Subclass II have sustained substantial damages.

56. Based upon Hilcorp's failure to pay the Coltons and the other members of Subclass II the correct amount of royalties which they are owed, the Coltons and the other members of Subclass II are entitled to recover eighteen percent per annum on the underpaid royalties, pursuant to Wyo. Stat. Ann. §§ 30-5-301(a) and 30-5-303(a), and are also entitled to recover reasonable attorneys' fees pursuant to Wyo. Stat. Ann. § 30-5-303(b).

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgement)**

57. The preceding allegations of this First Amended Class Action Complaint are fully incorporated by reference.

58. A controversy exists between the Coltons and the other members of Subclass II and Hilcorp regarding Hilcorp's obligation to pay royalties to the Coltons and the other members of Subclass II without deducting the above-referenced prohibited costs on future royalty payments made by Hilcorp after the date of final judgment in this case ("future royalty payments"), based upon the clear likelihood that Hilcorp will continue its practice of deducting the above-referenced prohibited costs in its calculation of royalties paid to the members of Subclass II after the date of final judgment in this case.

59. The Coltons request that the Court enter a declaratory judgment determining that on all future royalty payments to the Coltons and the other members of Subclass II, Hilcorp is required to pay such royalties without deducting the above-referenced prohibited costs.

**PRAYER FOR RELIEF**

Wherefore, the Coltons pray for the following relief:

1. An Order determining that the claims asserted by the Coltons on behalf of Subclass I and Subclass II should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that the Coltons be appointed as the Class Representatives for Subclass I and Subclass II, and that the Coltons' attorneys be appointed as Class Counsel for Subclass I and Subclass II;

2. A judgment in favor of Subclass I against Hilcorp for the full amount of unpaid eighteen percent per annum interest on late payments made by Hilcorp to the Subclass I members since July 8, 2014, as well as other prejudgment interest as determined by the Court;

3. A judgment in favor of Subclass II on their beach of contract royalty underpayment claims against Hilcorp for all royalty underpayments made by Hilcorp since March 3, 2013, plus applicable eighteen percent per annum statutory interest on all underpaid royalties;

4. An award of attorney's fees to the members of Subclass I and Subclass II pursuant to Wyo. Stat. Ann. § 30-5-303(b);

5. A declaratory judgment determining that Hilcorp is required to pay eighteen percent per annum interest on all future late payments to the Coltons and the other members of Subclass I, and determining that Hilcorp is required to pay all future royalties to the Coltons and the other members of Subclass II without deduction of any of the above-referenced prohibited costs; and

6. An award of Court costs.

**DEMAND FOR JURY TRIAL**

The Coltons demand a jury trial on all issues so triable.

14

Dated: March 20, 2023                    By: /s/ George A. Barton
                                         George A. Barton (admitted PHV)
                                         Stacy A. Burrows (admitted PHV)
                                         Seth K. Jones (admitted PHV)
                                         BARTON AND BURROWS, LLC
                                         5201 Johnson Drive, Ste. 110
                                         Mission, KS 66205
                                         (913) 563-6250
                                         George@bartonburrows.com
                                         Stacy@bartonburrows.com
                                         Seth@bartonburrows.com

                                         /s/ Kelly Shaw
                                         Kelly Shaw, Wy. Bar No. 7-5624
                                         KOCH LAW. P.C.
                                         121 W. Carlson St. Suite 3
                                         Cheyenne, WY 82009
                                         kshaw@kochlawpc.com

                                         *Attorneys for Plaintiffs Gregg B. Colton and Cindy H. Colton, as Trustees of the Gregg B. Colton Trust, on behalf of themselves and the subclasses of similarly situated persons*